Filed 6/15/21  In re A.G. CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re A.G., et al., Persons Coming Under the Juvenile Court Law. | |
| HUMBOLDT COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, | A161043 |
| Plaintiff and Respondent, | (Humboldt County Super. Ct. Nos. JV190021/ JV2000017) |
| v. | |
| Alan G., | |
| Defendant and Appellant. | |

BY THE COURT:

It is ordered that the opinion filed herein on June 15, 2021, be modified as follows:

In the caption on page 1, the second superior court number listed should be modified to add an additional "0".  The number should read JV2000017.

This modification does not change the judgment.

Dated: _____          _____

Kline, P.J.

1

Filed 6/15/21  In re A.G. CA1/2 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re A.G., et al., Persons Coming Under the Juvenile Court Law. | |
| HUMBOLDT COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>Alan G.,<br><br>    Defendant and Appellant. | A161043<br><br>(Humboldt County Super. Ct. Nos. JV190021/ JV200017) |

Alan G. (Father) appeals from the juvenile court's findings and order denying him visitation with his children.

We dismiss the appeal as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

Father lived with his wife (Mother), their young child (Minor), and Mother's older children (Minor's half-siblings).  In October 2018, Mother reported that Father was sexually molesting Mother's 14-year-old daughter (Father's stepdaughter).  Mother told a social worker that after she confronted Father about the abuse, he ran away and had not returned to the

1

house.  The 14-year-old stepdaughter reported that Mother blamed her for ruining Mother's life and destroying her marriage.

In January 2019, the Humboldt County Department of Health and Human Services (Department) filed a dependency petition on behalf of Minor, then two years old, alleging, among other things, that she was at substantial risk of harm under Welfare and Institutions Code section 300, subdivision (j) (§ 300(j)).  The Department filed an amended petition in March 2019, alleging Minor was "at substantial risk of harm due to how the mother did not protect the child's half-sibling . . . from sexual abuse by the child's father. . . . [M]other allowed [Father] to come to the family home while [the 14-year-old stepdaughter] was there in November 2018" and the stepdaughter felt "hurt and hopeless" following her interactions with Mother.  Father's whereabouts were unknown to the Department.

After a contested hearing on jurisdiction, the juvenile court sustained the petition, finding Minor was described by section 300(j).  In an uncontested hearing on disposition, the court declared Minor a dependent of the court, placed Minor with Mother, and ordered family maintenance services for Mother.  Father was not present and was not represented by counsel at either hearing, and his whereabouts were still unknown.

In April 2019, Mother gave birth to another child; Father was the father of the baby.[1]

In November 2019, Father surrendered himself to the Humboldt County Correctional Facility.  Later that month, Father appeared at a maintenance review hearing for Minor.  (It was reported that Father was being held on criminal charges related to the alleged sexual abuse of his

---

[1] We will refer to Father and Mother's baby born in 2019 and Minor together as "Minors."

2

stepdaughter.)  The court appointed an attorney for Father and elevated Father to presumed father status.

In February 2020, the Department filed additional petitions on behalf of Minors related to their contact with Father,[2] and the court ordered Minors detained from Father.  The court ordered visitation with Father in accordance with jail policy and procedure.

In March 2020, the court held a contested hearing on jurisdiction and sustained the petitions.  At the contested hearing on disposition in April 2020, the court declared Minors dependents of the court and placed them in the home of Mother.  The court found reunification services for Father were not in the Minors' best interest and suspended any order for visitation "pending the COVID-19 pandemic."

In May 2020, the court held a hearing regarding visitation for Father, who was still in custody.  Minors were eligible for enrollment in the Yurok Tribe, and a tribal representative appeared at the hearing.  The Department argued visitation for Father would be detrimental to Minors and not in their best interest.  The Yurok Tribe and Minors' attorney agreed with the Department's position. The tribal representative emphasized the issue was "very important to the tribe" and it was important for a perpetrator to be "set apart from a family" where there was sexual violence in the home.  Minors' attorney was concerned about the "risk for the children being groomed for

---

[2] As to Father's child born in 2019, the Department alleged in an original petition that the child was at risk under section 300(j) because Mother let the child have contact with Father and Father had not admitted the sexual abuse and had not participated in treatment.  In a supplemental petition for Minor, the Department alleged Father's sexual abuse of his stepdaughter placed Minor at risk but there was no order limiting his contact with Minor.

future abuse" if visitation were ordered.  Mother's attorney submitted, and Father's attorney asked for supervised visitation at the jail.

On August 6, 2020, the court issued its findings and order on visitation, ordering no visitation between Minors and Father.  The court found visitation "would be detrimental unless and until [Father] accepts responsibility for, at the very least, the acts the mother and father acknowledge occurred."  The court noted it was "important to consider the Tribe's input regarding cultural factors" and it had "done so in reaching its determination of detriment."

On September 25, 2020, Father filed a notice of appeal of the findings and order of August 6, 2020.

On November 25, 2020, the juvenile court terminated the dependency and juvenile court jurisdiction of the Minors.[3]  No appeal was taken from the November 25 order.

## DISCUSSION

Father contends no substantial evidence supports the finding that visitation would be detrimental to Minors.  The Department responds that the juvenile court's order terminating jurisdiction renders Father's appeal moot.  Father has not filed a reply brief and therefore has not responded to the mootness argument.  We agree with the Department.

" '[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events.  A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 642, p. 669.)  The question of mootness in

---

[3] On May 24, 2021, this court granted the Department's unopposed request that we take judicial notice of the juvenile court's termination orders of November 25, 2020.

a dependency case should be decided on a case-by-case basis . . . ." (*In re Dani R.* (2001) 89 Cal.App.4th 402, 404.)

"[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error." (*In re N.S.* (2016) 245 Cal.App.4th 53, 60.) Here, Father seeks reversal of the juvenile court's order of August 6, 2020 and "remand[] to the juvenile court to reinstate Father's visits with his children." But now that the dependency matters have been terminated, we can give no effective relief because the juvenile court no longer has jurisdiction to order visitation. (See *In re Michelle M.* (1992) 8 Cal.App.4th 326, 330 [dismissing as moot a father's appeal of jurisdictional and dispositional orders where the juvenile court later terminated jurisdiction; "no direct relief can be granted even were we to find reversible error, because the juvenile court no longer has jurisdiction and we are only reviewing that court's ruling"].) Father has offered no reason why we should decide his appeal even though it is moot. (Cf. *In re Yvonne W.* (2008) 165 Cal.App.4th 1394, 1404 [court has discretion to resolve an issue rendered moot by subsequent events where the issue is "of continuing public importance and is a question capable of repetition, yet evading review"].) Accordingly, we dismiss the appeal as moot. (*In re Michelle M., supra,* at p. 330.)

## DISPOSITION

The appeal is dismissed.

_____
Miller, J.

WE CONCUR:


_____
Kline, P.J.


_____
Stewart, J.


A161043, *Humboldt County Dept. of Health and Human Services v. Alan G.*


6